# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | |
|---|---|
| BRIAN M. DUNLAP, | ) |
| Plaintiff, | ) |
| v. | ) No. 4:13CV2419 CEJ |
| LOU FUSZ, et al., | ) |
| Defendants. | ) |

### MEMORANDUM AND ORDER

This matter is before the Court on plaintiff's motion to proceed in forma pauperis and motion for appointment of counsel. Plaintiff does not have sufficient funds to pay the filing fee. Therefore, the motion for leave to proceed in forma pauperis will be granted. However, for the reasons discussed below, the Court concludes that the complaint must be dismissed for failure to state a claim upon which relief can be granted.

### Standard

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. An action is frivolous if it "lacks an arguable basis in either law or fact." Neitzke v. Williams, 490 U.S. 319, 328 (1989); Denton v. Hernandez, 504 U.S.

25, 31 (1992). An action is malicious if it is undertaken for the purpose of harassing the named defendants and not for the purpose of vindicating a cognizable right. Spencer v. Rhodes, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), aff'd 826 F.2d 1059 (4th Cir. 1987). A complaint fails to state a claim if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).

## The Complaint

Plaintiff states that he is a "diplomat" "by executive order of [President] Obama" and a "diplomat manager" of countries "which covers USA & Glob[e]." Plaintiff brings this action under the Americans With Disabilities Act of 1990, 42 U.S.C. § 12101, *et seq* (the "ADA"), against the Lou Fusz automobile dealership and Bank of America.

Plaintiff's allegations concern a bill he received from Lou Fusz for car repairs. It appears that plaintiff believed that the repair work was covered by the vehicle's warranty while the Lou Fusz mechanics found that the problems with the vehicle were the result of an accident. Plaintiff seeks to recover the money he paid Lou Fusz for the repair work. Nowhere in the complaint does plaintiff allege that he has a disability or that he was denied accommodation for a disability.

## Discussion

To establish a prima facie case under the ADA, an individual must allege that he or she was "disabled" within the meaning of the ADA, which means that he or she suffers from "a physical or mental impairment that substantially limits one or more major life activities of such individual. 42 U.S.C. § 12102(1) (defining disability); Gretillat v. Care Initiatives, 481 F.3d 649, 653 (8th Cir.2007) (major life activities include walking, but difficulty walking long distances is not disability under ADA); Nuzum v. Ozark Auto. Distribs., Inc., 432 F.3d 839, 846-48 (8th Cir.2005) ("substantially limited" means limited considerably or to large degree; to assess substantiality of limitation, nature, severity, duration, and impact must be examined). Because plaintiff has not alleged that he suffers from a disability, he has failed to state a plausible claim for relief under the ADA.

The remainder of plaintiff's claims appear to be based on state law. Because plaintiff's federal claims will be dismissed, all remaining pendent state claims should be dismissed, as well. See 28 U.S.C. § 1367(c)(3); United Mine Workers v. Gibbs, 383 U.S. 715, 726 (1966) (if federal claims are dismissed before trial, remaining state claims should also be dismissed).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis [ECF No. 2] is **granted**.

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel [ECF No. 4] is **denied** as moot.

An order of dismissal will be separately filed.

Dated this 3rd day of December, 2013.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE